**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-5101**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY MCKINLEY ETHEREDGE,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (CR-03-268-AW)

Argued: September 28, 2007          Decided: October 19, 2007

Before MOTZ, Circuit Judge, HAMILTON, Senior Circuit Judge, and Raymond A. JACKSON, United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Harry Jacques Trainor, Jr., TRAINOR, BILLMAN, BENNETT, MILKO & MCCABE, L.L.P., Annapolis, Maryland, for Appellant. Deborah A. Johnston, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee. **ON BRIEF:** Keith A. Showstack, BRENNAN, TRAINOR, BILLMAN & BENNETT, L.L.P., Upper Marlboro, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, Chan Park, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

----

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Jeffrey McKinley Etheredge of conspiracy to commit money laundering, in violation of 18 U.S.C.A. § 1956(h) (West 2000 & Supp. 2007), and money laundering, in violation of 18 U.S.C.A. § 1956(a)(1)(B)(i) (West 2000 & Supp. 2007). Etheredge appeals his convictions, challenging the exclusion of certain testimony, the adequacy of the court's jury instructions, and the sufficiency of the evidence. We affirm.

First, Etheredge asserts that the district court should have allowed him to question defense witnesses about his generosity to family and friends and about the statements his co-defendant, Marshall Nicholson, Jr., made concerning the legitimacy of Nicholson's businesses. By failing to allow this testimony, Etheredge contends that the district court hindered his ability to present a defense. Our careful consideration of Etheredge's claims leads us to conclude that the district court did not abuse its discretion in excluding such testimony. See United States v. Uzenski, 434 F.3d 690, 709 (4th Cir. 2006) (stating standard of review); United States v. Prince-Oyibo, 320 F.3d 494, 501 (4th Cir. 2003) ("[A] defendant's right to present a defense is not absolute: criminal defendants do not have a right to present evidence that the district court, in its discretion, deems irrelevant or immaterial."); United States v. Marrero, 904 F.2d 251, 259-60 (5th

Cir. 1990) (affirming district court's refusal to admit similar evidence).

Next, Etheredge contends that the district court erred in instructing the jury on willful blindness and in failing to give a good faith instruction. Again we review for abuse of discretion. See United States v. Ruhe, 191 F.3d 376, 384 (4th Cir. 1999) (stating standard of review and defining willful blindness). Although Etheredge asserts that the evidence did not support a willful blindness instruction, we disagree. The jury could infer that Etheredge "deliberate[ly] ignor[ed]" the illegal source of Nicholson's income and the illegal nature of the transactions designed to conceal that income in which Etheredge himself participated. Id. Moreover, the district court properly instructed the jury not to infer "guilty knowledge from a mere showing of careless disregard or mistake." United States v. Guay, 108 F.3d 545, 551 (4th Cir. 1997). We therefore find that the court did not abuse its discretion in instructing on willful blindness. Nor do we find an abuse of discretion in the court's failure to instruct the jury that good faith is a defense to the charges, given that the court properly instructed on the knowledge elements of the offenses. See United States v. Fowler, 932 F.2d 306, 317 (4th Cir. 1991) (refusing to require separate good faith instruction when instruction on specific intent adequate). Thus, Etheredge is not entitled to relief on these claims.

Finally, Etheredge asserts that the district court erred in denying his motion for judgment of acquittal filed pursuant to Fed. R. Crim. P. 29.  He argues that the evidence was insufficient to convict him on both counts because the Government failed to prove he knew of Nicholson's illegal activities.  We review the district court's decision to deny a Rule 29 motion <u>de</u> <u>novo</u>.  <u>United States v. Smith</u>, 451 F.3d 209, 216 (4th Cir. 2006).  A jury verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."  <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942); <u>Smith</u>, 451 F.3d at 216.  We have carefully reviewed the record and conclude that the evidence was sufficient to convict on both counts.  <u>See</u> <u>United States v. Alerre</u>, 430 F.3d 681, 693-94 & n.14 (4th Cir. 2005) (discussing elements of conspiracy to launder money); <u>United States v. Wilkinson</u>, 137 F.3d 214, 221 (4th Cir. 1998) (discussing elements of money laundering under § 1956(a)(1)(B)(i)).

Accordingly, the judgment of the district court is

<u>AFFIRMED</u>.